

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| v.   § | **CASE NO. 1:07-CR-63** |
| § | |
| **ROBERT DANIEL DAVIS** § | |

**REPORT AND RECOMMENDATION**
**ON DEFENDANT'S MOTION TO DISMISS/VACATE**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court, Eastern District of Texas, the District Court referred this matter to the undersigned magistrate judge for the submission of findings of fact and recommended disposition of *Defendant's Motion to Dismiss/Vacate* [Clerk's doc. #18].

A.   **Background**

On April 4, 2007, a federal grand jury indicted Defendant, Robert Daniel Davis, in a five-count Indictment charging violations of Title 18, United States Code, Sections 7(3) and (13). [Clerk's doc. # 1]. These charges allege that Defendant knowingly presented for filing and caused to be presented for filing forged (or false and groundless) financing statements against various

-1-

government officials.

At the initial appearance, this Court appointed Assistant Federal Public Defender Gary Bonneaux to represent Defendant. [Clerk's doc. # 7]. On June 14, 2007, Defendant filed a motion to dismiss his court appointed counsel [Clerk's doc. # 17] and also filed, *pro se*, his *Motion to Dismiss/Vacate* [Clerk's doc. # 18]. The District Court referred both motions to this Court for consideration.

At a hearing conducted on July 10, 2007, this Court properly warned Defendant about the dangers and difficulties of representing himself. At the conclusion of the hearing, this Court determined that Defendant freely and voluntarily exercised his right to self-representation and granted his motion to dismiss his court appointed counsel. Mr. Bonneaux was appointed as stand-by counsel and the Court granted Mr. Davis' request to represent himself in this criminal proceedings. This Court now considers Defendant's pending *Motion to Dismiss/Vacate* [Clerk's doc. # 18].

**B.     The Enacting Clause or Lack Thereof**

   **i. Arguments**

In his motion, Defendant urges the Court to vacate cause number H-4:01-CR-0014-1, filed in the United States District Court for the Southern District of Texas, and to dismiss this case, cause number 1:07-CR-63, pending here in the Eastern District of Texas, for lack of subject matter jurisdiction.[1] Defendant contends that the laws contained in the United States Code are "unnamed" and show no evidence that Congress is responsible for them. Defendant further argues that Title

---

[1] H-4:01-CR-0014-1 is a criminal proceeding which yielded a final federal criminal conviction against Mr. Davis in the Southern District of Texas. It appears that Defendant was convicted in 2001 for a federal drug offense.

-2-

18 and Title 21 of the United States Code do not have an "enacting clause" which enacted them as valid laws of Congress. Defendant relatedly contends that without the enacting clause, "there is no valid law of Congress on the indictment," and, accordingly, this Court lacks subject matter jurisdiction.

The Government responded in opposition to the *pro se* motion to dismiss [Clerk's doc. # 23]. The Government initially noted that a defendant does not have the right to hybrid representation and urged the Court to summarily dismiss Defendant's motion without considering it's merits.[2] The Government further argues that this Court has no jurisdiction to vacate any judgment in cause number H-4:01-CR-0014-1 and that any attack on that judgment should have been urged under Title 28, United States Code, Section 2255 or on direct appeal in that particular cause. The Government also responds that an enacting clause for Title 18 is found in Chapter 645 of the Act of June 25, 1948 which enacted Title 18 into law.

### ii. Discussion

Federal law provides "[t]he enacting clause of all Acts of Congress shall be in the following form: 'Be it enacted by the Senate and the House of Representatives of the United States of America in Congress assembled.'" 1 U.S.C. § 101; *United States v. Laroche*, 170 F.App'x 124 (11th Cir. 2006). In *Laroche*, the Eleventh Circuit Court of Appeals rejected an argument identical to the contention presented by Defendant's motion. The Eleventh Circuit noted that there is absolutely no federal authority to support an argument that a lack of an enacting clause renders a statute invalid. *Id.* at 126. Going further, the Court noted, with approval, a federal case addressing the

---

[2] This Court declines to do so. At the hearing, this Court allowed Defendant to re-urge his motion after the Court granted his motion to dismiss counsel.

contention which summarily rejected an enacting clause claim because the United States Constitution does not require enacting clauses.  *Id.*; *see United States v. Ramanauskas*, No. 04-04, 2005 U.S. Dist. LEXIS 1340, 2005 WL 189708 at *2 (D. Minn. Jan. 21, 2005).  Other courts have also found similar attacks on Title 21 to be frivolous.  *See, e.g., Goldsby v. United States*, No. 04-3340, 2005 WL 2572362 (6th Cir. October 12, 2005); *Buford v. United States*, No. 3:05-CV-352, 2006 WL 3375375 at *3 (E.D. Tenn. Nov. 21, 2006) (rejecting as frivolous a claim that lack of an enacting clause in Title 21 voided defendant's conviction).  Therefore, based upon the authority discussed herein, Defendant's argument that Title 18 and Title 21 of the United States Code are not valid because of an alleged lack of an enacting clause should be summarily rejected.

**C.    Arguments Contained in Defendant's *Proof of Jurisdiction***

On June 22, 2007, Defendant filed a document entitled P*roof of Jurisdiction*[3] [Clerk's doc. #24].  In this instrument, Defendant continues to argue that this Court, as well as the convicting District Court in the Southern District of Texas, both lack subject matter jurisdiction over him.  Defendant argues that Title 18 and Title 21 were fraudulently enacted into law and have no congressional authority.  Attached to the document are nineteen (19) pages of additional legal argument wherein it is contended that Title 18 of the United States Code is unconstitutional.  In the argument, Defendant alleges that:  (1) H.R. 3190 was introduced in the House and passed on May 12, 1947; (2) Congress adjourned *sine die* twice without the Senate considering the bill; (3) the Senate Committee on the Judiciary resurrected the bill and it was introduced into the Senate as S. Rep. No. 1620 as if it had passed the House, which it had not; (4)  H.R. 3190 was not included in

---

[3] This document was not filed by the district clerk as a pending motion.  Further, the district court has not referred the matter as a motion to the undersigned for a Report and Recommendation.  Accordingly, this Court considers the arguments set forth in "Proof of Jurisdiction" to be offered in support of Defendant's previously filed motion to vacate/dismiss and addresses them in this *Report and Recommendation*.

S. Rep. No. 1620 and only the text of proposed amendments were included; (5) the Senate and House adjourned *sine die* once again and the Speaker of the House and the President *pro tempore* improperly signed H.R. 3190 and illegally presented it to the President of the United States for signature, knowing that it was false when he signed it on June 23, 1948; and (6) H.R 3190 (Public Law 80-772) had an enacting clause that stated that the enactment proceeded "by the Senate and the House of Representatives of the United States of America in Congress assembled".[4]

The identical issue was recently addressed by the district court in *United States v. Harbin*, No. C-01-221(3), 2007 WL 1849004 (S.D. Tex. June 25, 2007). In her well-reasoned opinion, United States District Judge Janice Jack noted that the July 1947 recess of Congress was not an "intrasession" recess, but an "inter" session recess.[5] *Id.* at *3. Therefore, it should not be read that the entirety of Congress (i.e. both sessions of Congress) ended at that time. *Id.* Instead, only one of the two sessions ended. *Id.* Judge Jack held that, taken in context, the footnotes cannot be read literally to mean that there was an adjournment *sine die* of the entire Congress, and that all pending bills therefore died. *Id.* Judge Jack further noted that the 80th Congress did not adjourn *sine die* in July 1947. When the first session adjourned, it did so to a date certain, not *sine die*. *Id.* (discussing *Kennedy v. Sampson*, 511 F.2d 430, Appx. at n. 4 (D.C. Cir. 1974)).

Judge Jack noted, and this Court also notes by reference, that other district courts in the Southern District of Texas have rejected the same or similar arguments raised in the context of a claim brought pursuant to 28 U.S.C. § 2255 claim. *See United States v. Martinez,* Cr. No. C-04-

---

[4] Curiously, Defendant acknowledges the existence of a enacting clause for Title 18 when he previously argued that there was no enacting clause as discussed *supra*.

[5] Judge Jack was referring to text contained in footnotes in *Kennedy v. Sampson*, 511 F.2d 430 (D.C. Cir. 1974) which describe Congress' adjournment in July 1947. The *Kennedy* case is also cited frequently in Defendant's motion.

157, 2006 WL 1293261 (S.D. Tex. May 6, 2006) (Chief Judge Head determining that the same argument is invalid and erroneous); *Delreth v. United States,* Cr. No. L-03-1745-6, 2006 WL 1804618, at *4 (S.D. Tex. June 27, 2006) (Judge Kazen stated that petitioner's analysis did not persuade the Court that there is a material flaw in the jurisdictional statute). Other district courts have used stronger language. *See United States v. Felipe,* No. 07-CV-061, 2007 WL 1740263 (E.D. Pa. June 14, 2007) (concluding that "this mythical story concerning the irregular adoption of Public Law Number 80-772 is utterly baseless").

This Court agrees with the analysis and reasoning set forth by Judge Jack and the other district courts cited herein. Defendant's objection to subject matter jurisdiction should be denied in this regard.

Defendant also makes a short textual statement that for federal jurisdiction to exist, the land must have been purchased by the federal government; ceded by the state legislature, and accepted by Congress. *Proof of Jurisdiction*, p. 2. However, Defendant does not provide the Court with authority or argument as to how jurisdiction is insufficient in this case. The Government has responded with a declaration and attached documents which indicate that the Governor of Texas executed a deed of cession granting to the United States concurrent jurisdiction over the land comprising the site of the Federal Correctional Complex (FCC) on December 4, 1996 and the Attorney General of the United States accepted said jurisdiction.

"It is axiomatic that the prosecution must always prove territorial jurisdiction over a crime in order to sustain a conviction". *United States v. Benson*, 495 F.2d 475, 481 (5th Cir. 1974), *cert. denied* 419 U.S. 1035 (1974). A district court may take judicial notice of that fact. *Id. See also United States v. Blunt*, 558 F.2d 1245, 1246-47 (6th Cir. 1977) (rejecting premise that the

government is required to show a chain of title for a federal prison to establish the territorial jurisdiction of the United States, it was undisputed that the assault occurred within a federal prison and the district court would have been correct in taking judicial notice of territorial jurisdiction). Not only has Defendant not even alleged how jurisdiction is deficient in this regard, but the Court points out that this jurisdictional element is for the Government to prove jurisdiction at trial. This Court accordingly finds it unnecessary to address it now.

**D.**     **Conclusion and Recommendation of the Court**

Accordingly, having considered the Defendant's motion, the relevant briefs, and case law, and based upon the findings of fact and conclusions law stated herein, the undersigned magistrate judge recommends that the District Court **deny** Defendant's *Motion to Dismiss/Vacate* [Clerk's doc. # 18].

**E.**     **Objections**

Pursuant to 28 U.S.C. § 636(b)(1)(c), all parties are entitled to serve and file written objections to the report and recommendation of the magistrate judge within ten (10) days of receipt of this report. Failure to file specific, written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or

recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 19th day of July, 2007.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE